IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OREON J. HUFFMAN | ) | CASE NO. 1:09CV2663 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF OHIO | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Plaintiff *pro se* Oreon J. Huffman brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against defendant State of Ohio.[1] The plaintiff alleges that he was indicted without any grand jury proceeding. However, he obtained a grand jury transcript that showed that no one testified, and that it contained only the location of the "so called" incident. Further, plaintiff contends that he has the right to challenge the qualifications of the grand jurors and to determine whether the required number of grand jurors voted to indict. He requests a copy of his trial and the grand jury transcripts. Also, he wants the Court to find out how he was indicted by a grand jury without evidence and testimony and why he was charged with such a heinous crime that he did not commit. Plaintiff demands $10,000,000.00 from the defendant for subjecting him to "all these things and he "want[s] someone to answer to what they did to me."

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the

---

[1] Plaintiff has not set forth the grounds for the Court's jurisdiction in his complaint as required by Rule 8 (a) of the Fed. R. Civ. P. However, it appears that § 1983 would apply.

complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167  * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

The sole defendant is the State of Ohio.  The Eleventh Amendment to the United States Constitution prohibits  a citizen of a state from suing that state, or one of its agencies, in federal court unless the state consents to such suit or there is an express statutory waiver of immunity.  *Hans v. Louisiana,* 134 U.S. 1(1890); *Jacobs v. Ohio Dept. of Rehabilitation and Correction*, 2009 WL 3126285 * 3 (S.D. Ohio, Sep.23, 2009) (citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-99(1984).  The State of Ohio has not consented to suit in federal court.  *Jacobs*, 2009 WL 3126285 at * 3   Rev.Code Ann. § 2743.02(A)(1) (West 2009).  Therefore, the State of Ohio is immune from suit for money damages and must be dismissed as a party defendant.

Furthermore, plaintiff is challenging his indictment by complaining about the grand jury proceedings in his case.  The grand jury is responsible for determining whether probable cause exists to believe that a crime has been committed and to protect the accused from unfounded criminal prosecutions.  *United States v. Powell*, 823 F.2d 996, 999 -1000 (6th Cir. 1987) (citing *United States v. Calandra*, 414 U.S. 338, 343 (1974). Grand jurors are given wide latitude to inquire into violations of criminal law, and their investigation is not hindered by the technical procedural and evidentiary rules governing the conduct of criminal trials.  *Id.* "A grand jury proceeding is not an adversary hearing to determine the guilt or innocence of the particular individual accused, but an *ex*

*parte* investigation that decides whether prosecution shall commence." *Powell*, 823 F.2d at 999 - 1000. A petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendant was guilty as charged, but also that he or she is in fact guilty as charged beyond a reasonable doubt. Therefore, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt. *United States v. Mechanik*, 475 U.S. 66, 70 (1986); *United States v. Parks*, 278 Fed.Appx. 527, 536-537(6th Cir. 2008), *cert. denied,* 129 S.Ct. 322 (2008); *Dillingham v. Haberlin*, 2005 WL 2099803 * 10 (W.D. Ky., Aug. 26, 2005).

Plaintiff has not explained why he wants a copy of his trial transcript. On April 13, 2009, he was found not guilty in the case in question. *State of Ohio v. Huffman*, CR-08-516351. He cannot obtain a copy of his transcript from this Court if his purpose is to obtain damages from the State of Ohio in this case. As previously discussed, the State of Ohio is immune from monetary damages under the Eleventh Amendment. Also, a prisoner is not entitled to a free transcript merely for the purpose of searching it for grounds for relief. *Brown v. Voorhies*, 2009 WL 187830 * 19 (S.D. Ohio, Jan. 26, 2009) (citing Bentley v. United States, 431 F.2d 250, 254 (6th Cir. 1970); *Lucas v. United States,* 423 F.2d 683, 684-685 (6th Cir. 1970); *Ellis v. State of Maine,* 448 F.2d 1325, 1327[3] (1st Cir.1971).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(A). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

      /s/Lesley Wells
JUDGE LESLEY WELLS

Date: 14 January 2010